(No. 3971—

ANNA M. RATEGAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1947.*

BENNETT & COLBACH, (MR. JOHN W. BENNETT, of counsel), for claimant.

GEORGE F. BARRETT, Attorney General; WM. L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, C. J.

Claimant, Anna M. Rategan, is the widow of William F. Rategan, deceased, formerly employed by the Department of Revenue as a Field Auditor Supervisor. The deceased made audits at times and places designated by the Department, and had direct supervision of a large field staff. With the approval of the Department, he used his own automobile for transportation.

On March 12, 1946, by pre-arrangement, Matthew A. Berg, a member of the Field Staff, met the deceased at the Rategan home a little before 8 o'clock in the morning. The men were scheduled for work together on a special assignment. When the decedent went to the garage to get his automobile, the engine would not start. He attempted to push the car from the garage, and was

found by Mr. Berg, leaning against the car and breathing very rapidly. With Berg's assistance, he rested in the car for five or ten minutes, and then suggested, although he was not well, that they should proceed with their assignment.

Berg then pushed the Rategan car, with Rategan driving, to a local garage, and the two men started for work in the Berg car. Rategan was still breathing heavily, and when they reached Douglas Park, Berg insisted Rategan lie on a bench and rest. After a half hour rest, Berg took Rategan home despite Rategan's protest.

Dr. John J. Gearin, called as a witness on behalf of claimant, testified that when called to the Rategan home, he found the deceased desperately ill. His breathing was very rapid; his pulse was rapid and irregular; and he was having considerable pain over the region of the heart. It was the doctor's conclusion that the deceased was suffering from a severe acute heart attack. Dr. Gearin stated:

"I came to the conclusion this attack was brought on by attempting to move his car, superinduced by exertion, attempting to move the car from his garage by himself, marked undue exertion, which is a very common thing."

Dr. Gearin ordered the patient hospitalized immediately, and placed in an oxygen tent. Rategan, however, died on March 24, 1946.

The court finds that the death of William F. Rategan was due to an accidental injury. (*Carson-Payson Co.* vs. *Industrial Comm.*, 340 Ill. 632.) At the time of the injury the employer and employee were operating under the provisions of the Workmen's Compensation Act of this state, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of decedent's

employment. Decedent's earnings during the year immediately preceding his death were $3,960.00.

Claimant is entitled to an award under Section 7 (a) of the Workmen's Compensation Act in the amount of $4,000.00. The death having occurred as a result of an injury sustained after July 1, 1945, this amount must be increased 20%, or $800.00.

The testimony on hearing before Commissioner East was transcribed by A. M. Rothbart & Associates, who have submitted a statement of $32.70 for their services. This charge is reasonable and proper.

An award is therefore made in favor of the Claimant, Anna M. Rategan, in the amount of $4,800.00, to be paid to her as follows:

$ 756.00, which has accrued and is payable forthwith.

4,044.00, which is payable in weekly installments of $18.00 per week, beginning January 13, 1947, for a period of 224 weeks with an additional final payment of $12.00.

An award is also made in favor of A. M. Rothbart & Associates for stenographic services in the amount of $32.70, which is payable forthwith.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State Employees."